### 11485

### YOUNG v. CONTINENTAL CASUALTY CO.

#### (122 S. E., 577)

1. INSURANCE—IN ACTION ON ACCIDENT POLICY, DIRECTED VERDICT FOR PLAINTIFF HELD ERROR.—In an action on an accident policy based on an injury resulting in hernia, which insured claimed was caused by an unusual strain in reaching to get a book on a high shelf, directing a verdict for insured *held* error, in view of his admission of the presence of weakness or disease six months prior to the injury.

2. INSURANCE—INJURY FROM CAUSE WHICH WOULD NOT INJURIOUSLY AFFECT PERSON IN ORDINARY HEALTH NOT DUE TO "ACCIDENTAL CAUSE."—If a person suffering from some weakness or disease subjects himself to conditions which would not injuriously affect persons in ordinary health, but which is dangerous to him, and injury results, it is not due to an "accidental cause."

---

Note: On right to compensation on accident policy for injury resulting from exertion or strain, see note in 2 B. R. C., 367.

Before MAULDIN, J:, York, February Term, 1923.  Reversed and remanded.

Action by Alex E. Young against the Continental Casualty Company.  From a judgment entered on a directed verdict for plaintiff, defendant appeals.

*Messrs. Spencer & White,* for appellant, cite:  *Accident and injury:* 14 R. C. L., 1238–39; 70 Am. St. Rep., 212; 108 N. E., 296; 190 Fed., 258; 156 Pac., 1029; 34 Conn., 574; 91 S. E., 228; 85 N. E., 1032; 78 N. W., 252; 198 S. W., 1163; 182 S. W., 262; 1 Ann. Cas., 787; 29 Scot., L. R., 303.  *Construction of evidence in behalf of defendant on motion for a directed verdict by plaintiff:* 113 S. E., 490.  *Nonsuit:* 89 S. E., 482.

*Messrs. Dunlap & Dunlap,* for respondent, cite:  *Accident:* 48 Am. Rep., 205; 86 Fed., 282; 76 N. W., 683; 30 S. E., 939; 76 N. C., 320; 46 Fed., 446; 17 South., 2.  *Accident exclusive of negligence:* 6 Cush (Mass.), 292; (C. C.) 45 Ed., 851; 25 Pac., 777; 45 S. W., 550; 13 Ill., 585; 1 Am. Rep., 157; Black's Law Dict., 2d Ed., 15; 1 C. J., 309, 392, 394, Note; 34 S. E., 113; 36 S. W., 169; 40 S. C., 345.  *Powers of Court to direct a verdict:* 79 S. C., 338; 60 S. C., 705; 71 S. C., 426; 37 S. C., 417.  *Motion to direct a verdict:* 68 S. C., 466; 68 S. C., 184; 61 S. C., 569; 63 S. C., 439; 37 S. C., 417.

April 22, 1924.

MR. JUSTICE COTHRAN delivered the opinion of the Court.

Action to recover $175.00 indemnity under a policy of accident insurance.  From a direction of verdict for plaintiff, defendant appeals.

The policy insured the plaintiff against "loss of life, limb, sight or time, resulting, without other contributing cause from personal bodily injury, which is effected solely by the happening of a purely accidental event."

The plaintiff's account of the circumstances attending the injury for which he claims indemnity is as follows: He was a pharmacist working in a drug store. Having occasion to get a book down from a high shelf, he mounted the counter, and in reaching for the book felt a stinging pain in his groin. He did not slip or fall; and, while he testified that the act of climbing and reaching was an unusual strain, it is not clear whether he referred to his usual employment or meant to say that there was an unusual strain in that particular incident. He got down from the counter, continued his usual employment, and three days later went to Charlotte, where it was discovered he had hernia, and was operated upon for it.

Passing by the question whether or not the injury was the result of an accident, within the terms of the policy, the case involved issues of fact which rendered the direction of a verdict for the full amount claimed in favor of the plaintiff improper.

The plaintiff's admission is that three years before he sustained a strain while lifting a box; that he consulted a physician; that he (the plaintiff) did not believe at that time that he had been ruptured, but that "there was absolutely no evidence of hernia from the time I said I thought it made its appearance [that is, 3 years before] until about six months ago when I hurt myself trying to lift a box"; that is to say, upon the latter event there was evidence of hernia.

In view of the provision in the policy that the injury must have been received, not only as the result of an accident, but "without other contributing cause," and in view of the admission of the plaintiff, that issue clearly should have been submitted to the jury. Besides, assuming that there was an unusual strain in this particular incident, it may not have been such as to injuriously affect one in ordinary condition; the jury may have inferred that the injury was the result of the weakness or disease which the plaintiff admits was present at least six months before.

"So, if a person suffering from some weakness or disease should subject himself to conditions which would not injuriously affect persons in ordinary health, but should be dangerous to him, and injury result, it would not be due to an accidental cause."

Judgment reversed, and new trial ordered.

Messrs. Justices Fraser and Marion concur.

Mr. Justice Watts dissents.